IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and ) | |
| JESSICA LEANNE QUINN, ) | |
| Individually, and as Next Friends of ) | |
| E.Q., a Minor, J.Q., a Minor, and I.Q., a Minor, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 4:19-cv-00714-DGK |
| v. ) | |
| ) | |
| GENERAL MOTORS LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS

This lawsuit stems from a single-car accident in which a 2006 GMC Yukon XL designed, manufactured, and sold by Defendant General Motors LLC ("GM") rolled over, collapsing the vehicle's roof, leaving the driver paralyzed and several passengers injured. Plaintiffs allege the vehicle was defectively designed or manufactured; unreasonably dangerous; and that GM failed to warn about the vehicle's higher roller risk, was negligent, and negligently failed to warn of the vehicle's rollover risk. GM denies the allegations.

Now before the Court is Plaintiffs "Revised Motion for Sanctions for GM's Failure to Comply with Federal Rule of Civil Procedure 30(b)(6)." ECF No. 71. The motion, brought pursuant to Rule 37(d), requests the Court (1) order GM to pay Plaintiffs' $5,000; (2) preclude GM from offering any testimony or evidence concerning corporate representative deposition topics 2, 40, 41, and 48; and (3) strike GM's affirmative defenses.

The motion is DENIED for two reasons. First, Plaintiffs did not comply with Local Rule 37.1, and second, the circumstances do not justify sanctions.

## Background

Plaintiffs' third amended 30(b)(6) deposition notice sought GM's testimony on 49 topics, some of which were arguably overbroad and/or sought testimony outside the scope of a corporate representative deposition. ECF No. 71-1. For example, Topic 21 sought testimony from GM regarding fourteen other cases, including ones that did not involve the GMT800 platform (the platform for the 2006 GMC Yukon XL), and cases that were not even brought against GM, but were filed against another manufacturer. *Id*. at 6. Additionally, Topics 29, 32–37, and 39 sought corporate testimony regarding seat belts when defective seats was not, at the time, a pled theory of defect. Third Am. Dep. Notice at 7, ECF No. 71-1.

The four topics primarily at issue in this Motion (the "Disputed Topics") sought testimony regarding:

> Topic 2: Defendant's theory/theories as to how this accident occurred, including all alleged superseding or intervening causes, and what Defendant contends caused Plaintiffs' injuries in this case;
>
> Topic 40: Any work performed on, repairs to or modifications of the subject vehicle which Defendant contends caused or contributed to the accident and injuries in this case;
>
> Topic 41: Every alteration, mistake, misuse, abuse, lack of care, negligence, and improper or inadequate act, whether by act or omission, that was committed by any person, entity, or party (including, without limitation, Plaintiffs), whether or not a party to this lawsuit, that Defendant contends contributed, directly or indirectly, to cause the incident and/or the damages alleged to be suffered pursuant to the claims asserted in this lawsuit;
>
> Topic 48: All affirmative defenses alleged by Defendant and all facts and evidence that supports and warrants the filing of court papers containing those affirmative defenses.

*Id*. at 5, 7–8.

GM served its Response and Objections on August 14, 2020. In it, GM indicated that it refused to produce a witness on the eight topics regarding seatbelts because there were no seatbelt-related defects alleged. ECF No. 71-2 at 22–25. GM also objected to the Disputed Topics on the grounds that they improperly sought expert opinions. *Id*. at 7, 25–26, 29.

In an accompanying email, GM's counsel asked Plaintiffs' counsel to notify him if took issue with the objections so that GM could decide if it was able to go forward or "if we need to seek protection from the Court." Email chain at 10–11, ECF No. 71-3. Later that day, counsel exchanged emails regarding whether the 30(b)(6) topics would cover certain documents GM had not yet produced and Plaintiffs had moved to compel.[1]

On August 17, the parties discussed their differences concerning the 30(b)(6) topics in a phone call but did not reach an agreement. *See id.* Plaintiffs' counsel followed up by email the next day, insisting on a 30(b)(6) witness on seatbelts. *See id*. at 8–9.

On August 19, 2020, GM's counsel replied with an eight page email outlining GM's position. *Id*. It began, "I continue to have concerns that Plaintiffs may try to claim that GM failed to meet it [sic] obligations under the Federal Rules of Civil Procedure with respect to its proffered witness." *Id*. at 1. Counsel stated GM agreed to go forward with the 30(b)(6) deposition, but he wanted "to memorialize our discussion and agreements" on the proposed 30(b)(6) topics. *Id.* With respect to the Disputed Topics, the email stated:

> Categories 2, 40, 41, and 48 all deal with GM's affirmative defenses. The affirmative and other defenses were framed by GM's counsel and will be covered by the experts GM retained to defend it in this action. We anticipate our expert will defer to GM's experts for these topical areas.

---

[1] Following a discovery dispute teleconference with the Court held pursuant to Local Rule 37.1, the Court subsequently sustained GM's objections to production of these documents. Order Regarding Disc. Dispute, ECF No. 75.

*Id.* He then explained GM's objections to the proposed 30(b)(6) topics in detail. *Id.* at 1–8. Particularly relevant to the pending motion, the email closed with the following:

> Please let me know if Plaintiffs agree with the suggested scope and limitation for the categories below. *The Court's procedures call for us to call and advise the Court if we have a discovery dispute and I want to make sure we follow the procedure in advance of the deposition if necessary.*

*Id.* at 1.

Plaintiffs' counsel did not reply to the email, or request a discovery dispute teleconference under Rule 37.1, and went ahead with the deposition as scheduled on August 21, 2020.

GM's corporate representative for the deposition, Ms. Lu, was an engineer who has testified as a corporate representative on crashworthiness issues in fifty to sixty cases, for over twenty years. Plaintiffs' counsel began the deposition by showing Ms. Lu a court case "just to make sure you understand what your duties and obligations are." Lu Dep. at 11:12–14, ECF No. 77. He told her that the case "is considered the Bible on the duties and obligations of corporate representatives, and in cases like this." *Id.* at 11:19–22. He then asked Ms. Lu to read five separate quoted passages from that case about the obligations of a 30(b)(6) witness and to agree to comply with each of those obligations. *Id.* at 11:20–20:14.

Plaintiff's counsel then questioned her about the disputed topics. Consistent with the representations made in the August 19 email, Ms. Lu deferred to GM's experts on these subjects. Frustrated with the responses, Plaintiffs' counsel occasionally interrupted, spoke over counsel and the witness, and continued the lines of questioning, repeatedly stating that it was improper for GM to put its position on the record. *See, e.g.*, *id.* at 67:21–68:3; 69:14–70:17; 103:17–104:3; 107:14–25; 284:8–25; 328:20–329:3; 342:7–11. Plaintiff's counsel also asked Ms. Lu questions about

GM's basis for its jurisdictional, statute of limitations, and statute of repose defenses, things a non-attorney would be unable to answer. *Id*. at 325:20–25; 334:11–20.

GM's counsel did not instruct Ms. Lu not to answer any questions. Ms. Lu was prepared to answer, and in fact gave substantive answers, on all questions asked except those on the Disputed Topics. During the deposition, GM also agreed to allow Plaintiff's counsel additional time to depose her, and Plaintiff's counsel deposed Ms. Lu from 9:53 AM to 7:48 PM.

### Standard

Local Rule 37.1 provides that no party may file a discovery motion unless and until the parties have conferred concerning the matter and, if the issues remain unresolved, arranged with the Court for an immediate telephone conference with the judge and opposing counsel. L.R. 37.1(a). The rule is clear: "The attorney may not file a written discovery motion until after this telephone conference." L.R. 37.1(a)(2). Failure to comply with the rule before filing a motion to compel warrants summarily denying the motion. *See*, *e.g.*, *DLJ Pharm., LLC v. Lincare Inc.*, No. 03-0144-CV-W-GAF, 2008 WL 11338385, at *1 (W.D. Mo. Jan. 23, 2008) (denying motion to compel for failure to arrange for a teleconference before filing the motion); *O'Malley v. Vellenga*, No. 16-00204-CV-W-LMC, 2019 WL 11880433, at *1 (W.D. Mo. June 14, 2019) (denying motion seeking sanctions under Rule 37 in part because the movant never "attempted to resolve the discovery dispute in accordance with Local Rule 37.1.")

Plaintiffs cite a case this Court is well acquainted with, *Kirk v. Schaeffler Group USA, Inc.*, as support for their contention that Rule 37.1 did not apply to this dispute. But the circumstances in *Kirk* are not analogous to the situation here. In *Kirk*, the party against whom sanctions were sought tried to amend its case three months after the close of discovery by slipping new theories of liability into an affidavit that was referenced in a footnote to an expert's report. No. 3:13-cv-

5

Case 4:19-cv-00714-DGK   Document 133   Filed 04/14/21   Page 5 of 6

5032-DGK, 2015 WL 12600341, at *3–4 (W.D. Mo. June 15, 2015). The Court held Local Rule 37.1 did not apply to the motion for sanctions because the moving party was unaware of the problem after the close of discovery, at which point it could not avoid or ameliorate the problem by a teleconference. *Id*. at 4–5. A motion for sanctions was the moving party's only option.

In this case, it was obvious days before the deposition that the parties had a bona fide dispute about the scope of the corporate representative's deposition. In fact, GM suggested the parties arrange a Rule 37.1 teleconference with the Court to resolve these disputes. Yet Plaintiffs declined and proceeded with the deposition, apparently to manufacture fodder for a motion for sanctions. Thus, the facts here warrant a summary denial of the motion under Rule 37.1.

Even if the Court considered the motion on the merits, it would still deny it. There is simply nothing here that merits Rule 37 sanctions for a 30(b)(6) violation: GM did not fail to appear for the deposition; its corporate representative answered all the questions that prior to the deposition GM indicated she would answer; GM has a good-faith argument that the disputed topics were not appropriate topics for a Rule 30(b)(6) deposition; and GM's counsel's conduct was not unprofessional.[2]

Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Date: April 14, 2021   /s/ Greg Kays
  GREG KAYS, JUDGE
  UNITED STATES DISTRICT COURT

---

[2] If anything, in the portions of the video deposition viewed by the Court (which is admittedly a small sample of the entire deposition), the Court had concerns with Plaintiff's counsel's behavior.