IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

NICOLAS VALADEZ REY and )
JESSICA LEANNE QUINN, )
  )
　　　　Plaintiffs, )
  ) Case No.: 4:19-cv-00714-DGK
v. )
  )
GENERAL MOTORS LLC, )
  )
　　　　Defendant. )

**ORDER DENYING PLAINTIFFS PARTIAL SUMMARY JUDGMENT**

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL designed, manufactured, and sold by Defendant General Motors LLC ("GM") left the road and rolled over, collapsing the vehicle's roof, and leaving the driver paralyzed. Plaintiffs allege the vehicle was defectively designed or manufactured, unreasonably dangerous, and that GM failed to warn about the vehicle's higher rollover risk. Plaintiffs also allege GM was negligent and negligently failed to warn of the vehicle's rollover risk. GM denies the allegations.

Now before the Court is Plaintiffs' Motion for Partial Summary Judgment on General Motors LLC's Affirmative Defenses. ECF Nos. 88. For the following reasons, parts of the motion are DENIED AS MOOT and parts are DENIED.

Plaintiff has moved for summary judgment on eighteen of the twenty-four paragraphs GM pled in its Answer under the heading "Affirmative Defenses." Although pled as affirmative defenses, there is not dispute that several of these are not, in fact, affirmative defenses. GM does not oppose much of Plaintiffs' motion, arguing that there are only two true affirmative defenses in this case, and that genuine issues of material fact preclude granting summary judgment on them.

GM agrees to withdraw nine of the eighteen challenged defenses. These affirmative defenses are: failure to state a claim; lack of jurisdiction; defenses related to warranty causes of action (two defenses); intervening or superseding cause; spoliation; alteration or modification; equitable doctrines; and statutes of limitation and repose. Suggestions in Opp'n at 13-14, ECF No. 101. Accordingly, the motion is DENIED AS MOOT with respect to these defenses.

GM controverts the motion with respect to the remaining nine defenses. GM argues that seven of them "while styled as affirmative defenses, are more appropriately characterized as general defenses, or mere statements of the law, which are not a proper subject of dismissal." *Id*. at 1. These "defenses" are: compliance with government standards; Plaintiffs' damages are limited or not recoverable in this action; any verdict or judgment for Plaintiffs should be reduced by the amounts Plaintiffs were indemnified by a collateral source; the GM that is the defendant in this case did not design, manufacture, or sell the Yukon; some of Plaintiffs' claims may be barred by bankruptcy rulings concerning "old" GM entities; Plaintiffs are not entitled to costs or fees; and Plaintiffs are not entitled by statute or case law to interest. With respect to the other two defenses, comparative fault and failure to mitigate damages, GM argues these defenses apply under both the law of Missouri and the law of Coahuila, Mexico, and that there are material facts in dispute

As a threshold matter, the Court notes "[a] party may move for summary judgment, identifying each claim or *defense*—or the *part* of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). So to the degree GM is arguing that Plaintiffs may not move for summary judgment on these seven defenses because they are not affirmative defenses, GM is incorrect.

That said, the Court cannot grant the controverted portion of the motion for other reasons. A movant is entitled to summary judgment only if it "shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." *Id*. Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In this case, Plaintiffs' motion is premised on Missouri substantive law applying to this case, but the Court has recently held that Coahuila law applies, and the Court has no idea what Coahuila law is with respect to these nine issues. Further, there are material facts related to these issues which are genuinely in dispute and so preclude the Court granting summary judgment. Consequently, the motion is denied with respect to the remaining "defenses," or issues, identified in the motion.

**IT IS SO ORDERED.**

Date: October 13, 2021         /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT