# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and JESSICA LEANNE QUINN, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No.: 4:19-cv-00714-DGK |
| v. | )<br>) |
| GENERAL MOTORS LLC, | )<br>) |
| Defendant. | ) |

## ORDER DENYING GM'S MOTION TO EXCLUDE THE TESTIMONY OF ALLAN KAM

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL designed, manufactured, and sold by Defendant General Motors LLC ("GM") left the road and rolled over, collapsing the vehicle's roof, and leaving the driver paralyzed. Plaintiffs allege the vehicle was defectively designed or manufactured, unreasonably dangerous, and that GM failed to warn about the vehicle's higher rollover risk. Plaintiffs also allege GM was negligent and negligently failed to warn of the vehicle's rollover risk. GM denies the allegations.

Now before the Court is GM's Motion to Exclude the Testimony of Allan Kam. ECF No. 112. Mr. Kam is an attorney who formerly worked for the National Highway Traffic Safety Administration ("NHTSA"). Plaintiffs intend to offer him as an expert on federal safety standards generally and, more specifically, on Federal Motor Vehicle Safety Standard ("FMVSS") 216. GM moves to exclude all of his testimony on the grounds that his opinions are inadmissible legal conclusions.

According to Mr. Kam's report, he intends to "explain the nature of Federal Motor Vehicle Standards in general" and "to summarize the rulemaking history of FMVSS 216, Roof Crush Resistance (including the alternative option of the FMVSS 208 dolly rollover test)." Report of Allan Kam at 1, ECF No. 112-1. GM complains that Plaintiffs may offer his opinion that:

- the federal safety standards, including FMVSS 216, are minimum standards;

- the "FMVSSs are not sufficient to protect the public from unreasonable risk of accidents, injuries, and deaths";

- compliance with the FMVSS does not mean that a vehicle is safe, the state of the art, or at an optimal level of performance;

- "compliance with an FMVSS does not constitute a defense in a product liability suit"

- the NHTSA has "exhorted" General Motors Corporation "to do more than meet the agency's minimum safety standards, identifying several 'areas for obvious improvement'";

- "Structural integrity design features to strengthen the roof and improve glazing and door latching can improve occupant safety in rollover crashes and are well within the current state-of-the-art";

- the "NHTSA does not approve or certify the safety of vehicles";

- the NHTSA found that FMVSS 216 "had little or no effect on fatality reduction";

- "there was more-or-less a consensus in the Government prior to MY 2006 that FMVSS 216 needed to be upgraded";

- the NHTSA is a "political" body in which "[m]ajor controversial decisions on issuing, amending, and/or rescinding FMVSSs, are generally made by political appointees, not by NHTSA's expert career technical staff"; and

- the "NHTSA has been considerably . . . dependent upon the industry for technical information".

While some of Mr. Kam's proposed testimony appears to be legal opinion ("compliance with an FMVSS does not constitute a defense in a product liability suit"), some of it is relevant, admissible, and will assist the jury in understanding the evidence in this case.  For example, his testimony may assist the jury in understanding how federal safety standards are created and what they mean; the availability of alternate safety standards—such as the FMVSS 208 dolly rollover test; and that the FMVSS 216 is a minimum safety standard.  Consequently, the Court will not categorically exclude his testimony; rather it will rule on particular portions of his testimony during trial, as the context for the testimony and the reason for which it is being offered is established.

The motion is DENIED.  GM may, of course, renew its objection to particular testimony at trial.

**IT IS SO ORDERED.**

Date:  October 15, 2021              /s/ Greg Kays
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT