IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and <br> JESSICA LEANNE QUINN, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    Case No.: 4:19-cv-00714-DGK <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER DENYING GM'S MOTION TO LIMIT THE TESTIMONY OF MARIUSZ ZIEJEWSKI, Ph.D.

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL designed, manufactured, and sold by Defendant General Motors LLC ("GM") left the road and rolled over, collapsing the vehicle's roof, and leaving the driver paralyzed. Plaintiffs allege the vehicle was defectively designed or manufactured, unreasonably dangerous, and that GM failed to warn about the vehicle's higher rollover risk. Plaintiffs also allege GM was negligent and negligently failed to warn of the vehicle's rollover risk. GM denies the allegations.

Now before the Court is GM's Motion to Limit the Expert Opinion Testimony of Mariusz Ziejewski, Ph.D. ECF No. 113. For the following reasons, the motion is DENIED.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party

seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "'the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility,'" but "'if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded.'" *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (quoting *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 415 (8th Cir. 2005)).

Here, GM's primary argument is that Dr. Ziejewski's first-numbered opinion—that the accident was the result of a tire failure—is not based on sufficient facts or data because it is not based on physical evidence from the tire itself, only the Plaintiffs' deposition testimony and the police report's conclusion.

This argument is without merit. After reviewing the entirety of Dr. Ziejewski's deposition and report, the Court does not agree with GM's characterization of his testimony. Dr. Ziejewski's testimony is more nuanced. He testified that a blowup of the left rear tire was consistent with the kinematics of the accident as well as three other pieces of evidence: (1) the investigating police

officer's conclusion; (2) the observations of the driver, Plaintiff Rey; and (3) the observations of the passenger, Plaintiff Quinn. Dr. Ziejewski used the word "consistent" because he could not say for certain that the tire was punctured before the rollover portion of the accident, since the tire could have been damaged during the rollover itself. This is not an opinion which is so fundamentally unsupported that it can offer no assistance to the jury.

GM's other argument—that Plaintiffs' "tire-blow out story" is not a sufficiently reliable basis under Rule 702 to support Dr. Ziejewski's opinion of what caused the crash—is also unavailing. An expert may base an opinion on inadmissible facts or data if experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject. Fed. R. Evid. 703. Here, in determining what caused the accident, Dr. Ziejewski relied on depositions taken of two witnesses who were in the car during the accident. Eyewitness testimony is one of many sources of information an expert in accident reconstruction would rely on in forming an opinion. The fact that these witnesses have a stake in the outcome of this litigation goes to the weight Dr. Ziejewski's opinion should be given, not its admissibility.

This is not, as GM suggests, an instance where expert testimony is being used as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony. There is other evidence here—the tire and the investigating police officer's report—that arguably support Dr. Ziejewski's opinion.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: October 15, 2021         /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT