IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and <br> JESSICA LEANNE QUINN, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | Case No.: 4:19-cv-00714-DGK |

## ORDER DENYING DEFENDANT'S REQUEST TO DEPOSE JUDGE JORGE FLORES

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiffs allege Defendant General Motors LLC ("GM") is responsible for his injuries. GM denies the allegations.

Now before the Court is Defendant's Response to Plaintiffs' Statements on Mexican Law and Request to Depose Jorge Flores ("Defendant's Response and Request to Depose"). ECF No. 225. The background to Defendant's filing is as follows.

After the close of discovery, the Court ruled that the law of the Mexican state where the accident occurred, Coahuila, should govern this dispute. Order Determining Choice of Law, ECF No. 172. The parties subsequently submitted various notices, memoranda, and motions stating their views of substantive Coahuilan law applicable to this case. Among these is Plaintiffs' Notice of Filing Advisory Opinion of the Honorable Judge Flores Regarding Coahuila Law ("Notice"). ECF No. 191. Attached to the Notice is an affidavit from Judge Flores, a retired judge from the Mexican state of Tamaulipas. ECF No. 191-2.

In his affidavit, Judge Flores opines that Mr. Rey's conduct in connection with the crash, including his alleged speeding, is "not relevant" in a products liability design defects case under Coahuilan law. *Id*. ¶ 14. Plaintiffs use Judge Flores' affidavit to argue that section 1806 of the Civil Code of Coahuila ("CCC") is "almost analogous to the unreasonably dangerous standard in Missouri which has no definition and for which a jury uses its own collective wisdom to determine." Notice at 2. Plaintiffs and Judge Flores posit that Mr. Ray's alleged speeding is legally irrelevant under Coahuilan law because his harm—his paralysis—was allegedly caused by the Yukon's defective roof and seatbelt. *Id*. at 2-3. Even if Mr. Rey had committed "inexcusable negligence" by speeding, they argue it would not be a complete bar to recovery. *Id*. at 3. Rather, whichever party was most responsible for the accident would bear the liability. *Id*.

Defendant seeks to depose Judge Flores "to test the accuracy of Mr. Flores' and Plaintiffs' statements to the Court on Mexican law." Def.'s Resp. and Req. to Depose at 28.

Defendant understandably wants to depose Judge Flores because his views contradict the express language of the CCC, almost all U.S. and Mexican case law, and every credible treatise on Mexican law, all of which hold that contributory negligence acts as a total bar to recovery in automotive crashworthiness/enhanced injury product liability cases. *See*, *e.g.*, CCC, Art. 1851 ("He who acting illicitly causes damage to another is obligated to indemnify him, unless he can demonstrate that the damage was caused as a result of the inexcusable fault or negligence of the victim."); *Rodriguez v. Bridgestone/Firestone N. Am. Tire, LLC*, No. M2013-01970-COA-R3-CV, 2017 WL 4513569, at \*16 (Tenn. Ct. App. 2017) (upholding jury instruction in a products liability tire blow-out and vehicle rollover crash based on analogous language in the Civil Code of San Luis Potosi stating contributory negligence acts as a complete bar to the plaintiff's recovery); J. Vargas, *Mexican Law: A Treatise for Legal Practitioners and International*

*Investors* 227 (1998) (observing that under Mexican law, the tortfeasor is not liable "if the damage was caused as a result of the" victim's "fault or inexcusable negligence . . . . In other words, the victim's contributory negligence operates as a 'total bar' to the tortfeasor's liability.").

Given that Judge Flores' view are inconsistent with the overwhelming mass of the credible evidence concerning Coahuilan law, the Court gives his views no weight, and so there is no need for Defendant to depose him.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: February 18, 2022         /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT