# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:19-cv-00714-DGK ) ) |
| GENERAL MOTORS LLC, | ) ) |
| Defendant. | ) ) |

## ORDER ON COAHUILAN LAW APPLICABLE TO THIS CASE

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defective design of the roof. GM denies the allegations.

The Court previously held that the law of the Mexican state where the accident occurred, Coahuila, should govern this dispute. Order Determining Choice of Law, ECF No. 172. Plaintiff subsequently filed their Sixth Amended Complaint, ECF No. 197, to replead the case under Coahuilan law. On February 18, 2022, the Court dismissed Count II—Plaintiff Jessica Quinn's indirect injury claim for loss of consortium—with prejudice, leaving only Count I for trial.[1]

Now before the Court are various notices, motions, and memoranda containing the parties' views of the substantive Coahuilan law applicable to this case, including translations of the Coahuilan Civil Code ("CCC") and excerpts from various treatises and law review articles. Pursuant to Federal Rule of Civil Procedure 44.1 ("Determining Foreign Law"), the Court rules as

---

[1] Because dismissal of Count II means Plaintiff Jessica Quinn no longer has any claim in this case, the Court has dropped her name from the case caption, leaving only one plaintiff, Mr. Rey.

follows concerning the Coahuilan law applicable to this case.[2]

**I.    Claims and remedies.**   Although styled as a single count, "Count I – Negligence & Damages Under the Coahuila Civil Code," there are actually two distinct claims still in play in Count I:  An "illicit acts" claim brought pursuant to Article 1851 of the CCC, and a separate "moral damages" claim brought pursuant to Article 1895 of the CCC.  *See* Sixth Am. Compl. ¶¶ 50, 60.  Both claims can be brought by Mr. Rey only.

    **A.    Illicit acts claims.**   Article 1851 states, "He who acting illicitly causes damage to another is obliged to indemnify him, unless he can demonstrate that the damage was caused as a result of the inexcusable fault or negligence of the victim.  An act is illicit according to the terms of Article 1806."[3]  Article 1806 provides,

> An illicit act is one that is contrary to the laws of public order or good customs. . . . all human acts, positive or negative, carried out with intent or fault, that cause damage to another person or his property are illicit acts.  Intent consists of the intent to harm.
>
> 'Fault' means negligence, recklessness, incompetence, lack of foresight or care, and it shall be treated as such, unless expressly provided by law, according to the circumstances of the case.

---

[2] In making its rulings, the Court has considered all the various notices, motions, translations, and argument in the record.  This includes, but is not limited to, the Declaration of Reynaldo Urtiaga, ECF No. 82-4; Plaintiffs' Notice of Filing Advisory Opinion of the Honorable Judge Flores Regarding Coahuila Law, ECF No. 191; Plaintiffs' Request for Judicial Notice, ECF No. 192; Plaintiffs' Notice of Filing Coahuila Civil Code Excerpts, ECF No. 198; Defendant's Statement of Coahuilan Law and Request for Judicial Notice, ECF No. 207; Defendant's Suggestion's In Opposition to Plaintiffs' Request for Judicial Notice, ECF No. 211; Plaintiffs' Response to GM's Statement on Coahuilan Law and Request for Judicial Notice, ECF No. 212; Plaintiffs' Objections to Defendant's Proposed Jury Instructions and Plaintiffs' Proposed Alternate Instructions, ECF No. 213; Plaintiffs' Reply In Support of Their Request for Judicial Notice, ECF No. 217; Defendant's Response to Plaintiffs' Statements on Mexican Law and Request to Depose Jorge Flores, ECF No. 225; Plaintiffs' Reply to and Motion to Strike GM's Response to Plaintiffs' Statements on Mexican Law and Request to Depose Jorge Flores, and, In the Alternative, Plaintiffs' Motion for Additional Time to Reply to GM's Response and to Exceed the Page Limit, ECF No. 226; Defendant's Response In Opposition to Plaintiffs' Motion to Strike and Submission of Supplemental Declaration, ECF No. 227; Plaintiffs' Reply in Support of Plaintiffs' Motion to Strike GM's Response to Plaintiffs' Statements on Mexican Law and Request to Depose Jorge Flores and, In the Alternative, Plaintiffs' Motion for Additional Time to Reply to GM's Response, ECF No. 230; and, last but not least, Defendant's Notice of Filing Certified Translations, ECF No. 233.

[3] All citation to the CCC is to the translation provided by Defendant in Exhibit 1 to its Statement of Coahuilan law. ECF No. 207-1.  The Court has used this translation because it is more accurate than those proposed by Plaintiff.

As Defendant notes, an illicit acts claim, also referred to as a "subjective liability" claim, is a general civil claim that imposes liability where a person commits an illicit act—that is, an act contrary to law or good customs—that injures another. For example, if a car driver is speeding and hits and injures a pedestrian, the pedestrian has an illicit acts claim against the driver, because the driver's illicit act of speeding caused an injury to the pedestrian, and speeding is an illicit act because speeding is contrary to the law setting speed limits. An illicit act is subject to a "preponderance of the evidence" standard of proof.

In order for Plaintiff to prevail on an illicit acts claim under Coahuilan law, he must prove that GM's conduct in designing the 2006 GMC Yukon XL was contrary to applicable law or good custom. For example, Plaintiff must show that GM violated an automobile safety standard in effect at the time, either a standard prescribed by the Government, or some specific standard used by the automobile industry at the time the Yukon at issue was designed.[4] If Plaintiff cannot show that GM's design conduct was contrary to law or good custom, then Plaintiff cannot prevail on his illicit acts claim against GM.[5]

The remedy for an illicit acts claim is an award of "material damages," which is limited to lost wages and medical expenses, and not anything else such as pain and suffering. Medical expenses include all of Plaintiff Nicolas Rey's medical expenses, past and future, for his total disability. *See* CCC, Art. 1890 ("If the damages cause . . . total or partial permanent disability, reparation shall consist of the payment . . . of all expenses incurred for the treatment of injuries

---

[4] The standard must be specific. It cannot be something amorphous like, what a reasonable person or what a reasonable automobile manufacturer would have done. Good custom is not an ambiguous standard that will be left to the collective wisdom of the jury to define, as Plaintiff urges.

[5] The Court rejects Plaintiff's suggestion that the concept of illicit act in Article 1806 is equivalent to the unreasonably dangerous standard used under Missouri law.

which caused . . . the disability").[6] Lost wages are determined by a formula which takes the "highest daily minimum wage" in effect in Coahuila on the date of the injury and multiplies it by 1,095 days, the number of days provided for under the Mexican Federal Labor Law. CCC, Art. 1891; FLL, Art. 495.[7]

All damages, including material damages, "must be a direct and immediate consequence of the breach of the [defendant's] obligation." CCC, Art. 2306. A finding that Plaintiff's injury was not a "direct and immediate consequence" of an act or omission by Defendant would bar recovery against it under Coahuilan law. *Id.*

**B.    Moral damages claim.** A "moral damages" claim is a separate cause of action. *Compare* CCC Art. 1851 (establishing an illicit act claim), *with* Art. 1895 (establishing a moral damages claim); Jorge A. Vargas, *Moral Damages Under the Civil Law of Mexico, Are These Damages Equivalent to U.S. Punitive Damages?*, 35 U. Miami-Am. L. Rev. 183, 257 (2004) (noting that as a result of changes introduced to Mexican federal law in 1982 and subsequently incorporated by most states, "[m]oral damages became an 'independent' and separate legal cause of action, not conditioned upon the granting of material damages by the trial court").

Moral injury and moral damages are distinct concepts under Mexican law. Moral injury is "the injury a person suffers to his feelings, affections, beliefs, decorum, honor, reputation, privacy, image and physical appearance, or the view others have of him." CCC, Art. 1895 ¶ 1. Moral

---

[6] Although Article 1890 is worded using the past tense of incur, "incurred," the Court will not limit Plaintiff's medical damages to those incurred prior to some set point in time for several reasons. First, this is inconsistent with the idea of material damages being reparations intended to make a plaintiff economically whole for medical expenses. Second, if the Article's intent were to limit medical damages to past expenses, it would have had to identify a cut-off date or a formula for determining a cut-off date for calculating medical expenses, which it does not do.

[7] Defendant asserts, and Plaintiff does not appear to dispute, that Plaintiff is claiming total permanent disability. Thus, Plaintiff's compensation consists of 1,095 days (three years) of lost wages multiplied by the highest daily minimum wage in effect in Coahuila in August 2019, which was 248.09 pesos. Comisión Nacional de los Salarios Mínimos, "Salarios Mínimos – Vigencia a partir del 1º de enero de 2019," www.conasami.gob.mx, ECF No. 207-2. Assuming an exchange rate of 20.00 pesos per dollar, this equals a daily wage of $12.41, so the total indemnification for lost wages would be 271,658.55 pesos, or $13,582.93.

injury is "presumed to have taken place if a person's freedom or his physical or psychological integrity is unlawfully violated or restricted." *Id*. ¶ 2.  A moral injury is subject to a heightened burden of proof:  A plaintiff seeking to recover for a moral injury must "*prove fully* the illicit nature of the defendant's conduct and that such conduct was *the direct cause* of the injury."  CCC, Art. 1897 (emphasis added).

Moral damages are a sum of money that a court awards to redress a moral injury.  CCC, Art. 1895 ¶ 3.  The tortfeasor's obligation to compensate for moral damages is "independent" of the tortfeasor's obligation to pay material damages.  Again, moral damages serve to compensate only for "the injury a person suffers to his feelings, affections, beliefs, decorum, honor, reputation, privacy, image and physical appearance, or the view others have of him." *Id*. ¶ 1.  The parties agree that these boil down to essentially three subspecies of moral damages:  (1) loss of honor, which includes damages to one's personal image or privacy; (2) cosmetic loss, which includes damage to one's physical appearance which does not affect the person's ability to work; and (3) harm to feelings.

Moral damages exclude punitive damages or compensation for pain and suffering, because "'[t]he Mexican legal system does not allow punitive damages or compensation for pain and suffering.'"  *Rodriguez v. Casa Chapa S.A., de C.V.*, No. DR:04-CV-0034-AML, 2006 WL 8433818, at *4 (W.D. Tex. Aug. 22, 2006) (quoting Jorge A. Vargas, *Mexican Law: A Treatise for Legal Practitioners and International Investors*, § 21.1, p. 210 (West, 1998)).  While moral damages are typically awarded in libel or invasion of privacy cases, it is conceivable Plaintiff may recover them in this case, for example, to indemnify him for an injury to his physical appearance resulting from the accident.

The amount of moral damages awarded is determined by "taking into account the rights

violated, the degree of liability, the economic situation of the liable party and the victim, as well as other circumstances of the case." CCC, Art. 1895 ¶ 5. Moral damages are not limited to liquidated damages.[8] Although awards of moral damages made by Mexican judges are typically very modest compared to damages awards made by American juries, Coahuilan law does not cap or limit an award of moral damages to a specific amount. Finally, because Coahuilan law considers "the economic situation of the liable party and the victim," evidence of GM's net profits in recent years and net worth is relevant.[9]

      **C.**     **Jury instructions and argument.** The Court will instruct the jury on illicit acts, material damages, moral injury, and moral damages in accordance with the above.

If the evidence presented at trial supports giving an instruction on moral injury and moral damages, the Court will confer with the parties before closing argument about what kind of argument is permissible and impermissible. To ensure that moral injury and moral damages are not used to "back door" an award for pain and suffering, punitive damages, or other impermissible damages, the Court may require the parties to write out and pre-clear with the Court their closing argument with respect to moral injury and moral damages.

**II.**     **Affirmative defenses.** The Coahuilan Civil Code provides for a variety of affirmative defenses. Possibly relevant to this case are contributory negligence, absence of fault, and

---

[8] Defendant argues that moral damages are limited to liquidated damages, that is, the quantifiable amounts equal to the actual cost of measures taken by the injured person to cure or deal with the moral injury, such as the cost of anti-depressant medications and counseling. The Court recognizes this is a plausible argument supported by the *Rodriguez* decision. *See* 2006 WL 8433818, at *4 (holding the moral damages available to the survivors of a person wrongfully killed must be liquidated). But the doctrine is unsettled and undeveloped concerning whether a non-pecuniary injury that does not diminish the victim's ability to work can be compensated by an award of money. Jorge A. Vargas, *Moral Damages Under the Civil Law of Mexico, Are These Damages Equivalent to U.S. Punitive Damages?*, 35 U. Miami-Am. L. Rev. 183, 223 (2004). The Court is persuaded by the opinion of several experts in Mexican law that, in the context of moral damages, when restoration of a victim to his or her previous condition is not possible, an award of money is the next best alternative. *Id*. at 223-25, 229-30.

[9] Defendant's argument that it can stipulate that its economic situation is such that it is financially capable of paying any proper moral damages award in this case is unavailing.

6

Case 4:19-cv-00714-DGK   Document 243   Filed 02/28/22   Page 6 of 8

fortuity.[10]  *See* CCC, Arts. 1851 (contributory negligence), 1853 (absence of fault), 2229, 2230, and 2307 (fortuity).

Contributory negligence is a complete bar to recovery under Coahuilan law.  CCC, Art. 1851 ¶ 1 ( "He who acting illicitly causes damage to another is obliged to indemnify him, *unless he can demonstrate that the damage was caused as a result of the inexcusable fault or negligence of the victim*.") (emphasis added); *see* Jorge A. Vargas, *Mexican Law and Personal Injury Cases: An Increasingly Prominent Area for U.S. Legal Practitioners and Judges*, 8 San Diego Int'l L. J. 475, 498 (2007) (noting that the second "fundamental" principle under Mexican civil law is that "contributory negligence operates as a total bar to any recovery."); *see also Carris v. Marriott Int'l, Inc.*, 466 F.3d 558, 559 (7th Cir. 2006) (Posner J.) (noting the plaintiff, who was injured at a Mexican resort, had asked the court to apply Illinois law "because Mexican law makes contributory negligence a complete defense to a suit for negligence").  Hence, evidence that Plaintiff was speeding at the time of the accident and his speeding caused the accident is relevant to an affirmative defense of contributory negligence.

Similarly, the affirmative defense of fortuity is applicable and in play because Plaintiff alleges the crash was set in motion by a rear tire blowout.  Compl. ¶ 8.  If the jury concludes the tire blowout was fortuitous, GM would be absolved of liability.

The affirmative defense of absence of fault, however, does not appear to apply to this case. Coahuilan law states that it applies, "[w]hen, without intent or fault, *two or more persons mutually cause damages to each other*, each shall bear the damages each has received, without the right to reparation or any compensation."  CCC, Art. 1853.  Here, while there is an allegation that Defendant damaged Plaintiff, there is no suggestion that Plaintiff in any way damaged Defendant.

---

[10] Defendant's brief mentions statute of limitations, but that defense does not appear to be applicable in this case since this lawsuit was filed just six days after the accident occurred.

Hence, there is no conceivable way the jury could find the parties mutually damaged each other.

**IT IS SO ORDERED.**

Date: February 28, 2022 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT