# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| NICOLAS VALADEZ REY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:19-cv-00714-DGK |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING RULE 54(b) MOTION, MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL, AND MOTION TO CONTINUE TRIAL

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

On October 13, 2021, the Court held that the law of the Mexican state where the accident occurred, Coahuila, governs this dispute. Order Determining Choice of Law, ECF No. 172 ("October 13 Order"). On February 18, 2022, the Court dismissed Count II—Jessica Quinn's loss of consortium claim—with prejudice after holding that Coahuilan law does not permit recovery for such a claim. Order Dismissing Count II of the Sixth Am. Compl. and Denying Leave to File Proposed Seventh Am. Compl, ECF No. 239 ("February 18 Order"). On February 28, 2022, the Court issued its order explaining how Coahuilan law applies to the specific facts of this case.[1]

---

[1] This was a complicated task. Among the various notices, motions, translations, memoranda and argument submitted by the parties the Court considered were the Declaration of Reynaldo Urtiaga, ECF No. 82-4; Plaintiffs' Notice of Filing Advisory Opinion of the Honorable Judge Flores Regarding Coahuila Law, ECF No. 191; Plaintiffs' Request for Judicial Notice, ECF No. 192; Plaintiffs' Notice of Filing Coahuila Civil Code Excerpts, ECF No. 198; Defendant's

Order on Coahuilan Law Applicable to This Case, ECF No. 243 ("February 28 Order").

Now before the Court are three motions brought by Plaintiff Rey and his wife, Jessica Quinn (collectively "Movants"). They are Plaintiffs' Motion for Certification Pursuant to Rule 54(b) and for Stay, ECF No. 244; Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and for Stay, ECF No. 245; and Plaintiffs' Opposed Motion to Continue Trial Pending Rulings on [their] Motions Seeking Appeal of Interlocutory Orders, ECF No. 246. All three motions seek a stay in this case or postponement of the trial, which is less than two weeks away. Movants also request expedited consideration of all three motions.

Expedited consideration of the motions is granted. The motions and accompanying requests for stays of the litigation and postponement of the trial are DENIED.

## I.  Movants' Rule 54(b) motion is denied.

Movants' Rule 54(b) motion requests an order certifying as a final judgment the Court's February 18 Order dismissing Count II, Ms. Quinn's loss of consortium claim. Movants also request the Court stay trial proceedings during the pendency of her appeal of that final judgment.

Although appellate courts generally consider only orders that dispose of all claims as final and appealable under  28 U.S.C. § 1291, "Rule 54(b) creates a well-established exception to this rule, by allowing a district court to enter a final judgment on some but not all of the claims in a

---

Statement of Coahuilan Law and Request for Judicial Notice, ECF No. 207; Defendant's Suggestion's in Opposition to Plaintiffs' Request for Judicial Notice, ECF No. 211; Plaintiffs' Response to GM's Statement on Coahuilan Law and Request for Judicial Notice, ECF No. 212; Plaintiffs' Objections to Defendant's Proposed Jury Instructions and Plaintiffs' Proposed Alternate Instructions, ECF No. 213; Plaintiffs' Reply in Support of Their Request for Judicial Notice, ECF No. 217; Defendant's Response to Plaintiffs' Statements on Mexican Law and Request to Depose Jorge Flores, ECF No. 225; Plaintiffs' Reply to and Motion to Strike GM's Response to Plaintiffs' Statements on Mexican Law and Request to Depose Jorge Flores, and, in the Alternative, Plaintiffs' Motion for Additional Time to Reply to GM's Response and to Exceed the Page Limit, ECF No. 226; Defendant's Response In Opposition to Plaintiffs' Motion to Strike and Submission of Supplemental Declaration, ECF No. 227; Plaintiffs' Reply in Support of Plaintiffs' Motion to Strike GM's Response to Plaintiffs' Statements on Mexican Law and Request to Depose Jorge Flores and, in the Alternative, Plaintiffs' Motion for Additional Time to Reply to GM's Response, ECF No. 230; and Defendant's Notice of Filing Certified Translations, ECF No. 233. The Court also reviewed numerous treatises and journal articles on Mexican law. These sources are cited in its orders.

lawsuit." *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016). Entering a final judgment on some claims allows an appeal to be taken on these claims under 28 U.S.C. § 1291. In relevant part, Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

The law is clear that "interlocutory appeals under Rule 54(b) are generally disfavored." *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010). The Eighth Circuit has consistently held that an immediate appeal from a partial resolution of a lawsuit is warranted only in "special" cases and that it does not wish to assume jurisdiction over a case certified under Rule 54(b) "as a routine matter or as an accommodation to counsel." *Id*. (internal quotations omitted).

In deciding whether to grant a Rule 54(b) motion, the Court performs a two-step analysis. *Downing*, 810 F.3d at 585. First, it "must determine it is dealing with a final judgment in the sense that it is an ultimate disposition of an individual claim." *Id*. Second, it "must determine whether a just reason for delay exists." *Id*. In determining whether just reason for delay exists, the Court considers "both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Id*. (internal quotations omitted). The Eighth Circuit has repeatedly cautioned that the motion "should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id*. (internal quotations omitted).

The court considers five factors in determining whether danger or hardship through delay exists: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility

3

that the need for review might be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Because the Court February 18 Order entirely dismissed Ms. Quinn's only claim, the first step in the analysis is satisfied. *Id*. at 586. However, the second step in the analysis is not satisfied. The equities of the situation and the interest in preventing piecemeal appeals weigh against the motion, as do the five factors regarding whether danger of hardship or injustice through delay which would be alleviated by immediate appeal. The Court analyzes these five factors below.

With respect to the first factor, the relationship between the adjudicated and unadjudicated claims, Movants' argument that Ms. Quinn's loss of consortium claim is separate and distinct from Mr. Rey's claims is without merit. Although Mr. Rey and Ms. Quinn's claims are not identical, they are "inextricably intertwined."[2] Ms. Quinn's claim is derivative of his: she cannot prevail on her loss of consortium claim unless Mr. Rey prevails on at least one of his. And while Mr. Rey could theoretically prevail on one or more of his claims and she not prevail on hers, this is very unlikely. The fact that Ms. Quinn's claim is so closely connected to Mr. Rey's claims weighs heavily against granting the motion.

With respect to the second factor, the Court agrees with Movants that there is little possibility that the need for appellate review may be eliminated by future pretrial developments at the district court level. The Court is unlikely to reverse its pretrial rulings relevant to this Rule

---

[2] "Inextricably intertwined" is the exact phrase Movants use in a companion motion to describe the relationship between these claims: "Plaintiffs' claims and damages—and GM's defense of them—are *inextricably intertwined* and should be tried together." Pls.' Opposed Mot. to Continue Trial Pending Rulings on [their] Motions Seeking Appeal of Interlocutory Orders at 6, ECF No. 246 (emphasis added).

54(b) motion, namely that Coahuilan law applies to this case, and that Coahuilan law does not recognize Ms. Quinn's loss of consortium claim.

Although this factor normally weighs in favor of certification, it does not weigh much in the analysis here. The Court is confident that whatever happens at trial, at least one of the parties will appeal. Given this reality, it does not matter that the need for appellate review will not be mooted by future pretrial developments in the district court. If the Court were to grant the Rule 54(b) motion, it would mean that there could be two appeals in this case—one before trial and one after—instead of just one.

The third factor, the possibility that the reviewing court might be obliged to consider the same issue a second time, is indeterminate. If the Eight Circuit hears an interlocutory appeal, it will simply determine whether Coahuilan law applies to Ms. Quinn's claims, and if so, whether it precludes Ms. Quinn's loss of consortium claim as a matter of law. It will not issue an advisory opinion applying the governing law to the specific facts of this case,[3] nor will it provide the Court with the specific jury instructions it should give if it allows her loss of consortium claim to proceed. Further, since the choice of law could be different for each claim, an interlocutory ruling on the choice-of-law analysis applied to Ms. Quinn's claim may or may not provide guidance on the choice-of-law analysis applied to Mr. Rey's claims. Hence, even if the Court of Appeals issues an interlocutory ruling in Ms. Quinn's favor, this may not eliminate the need for a post-trial appeal on choice-of-law issues related to Mr. Rey's claims. Frankly, the best way to ensure there is only one appeal in this case is to follow the normal practice and hold all appeals until after trial.

Of course, if the Court granted the motion and the Eighth Circuit heard an interlocutory

---

[3] Indeed, even if the Court of Appeals wanted to issue an advisory interlocutory opinion applying the controlling law to the specific facts of this case, it could not because there is no detailed factual record for it to consider. A detailed factual record will not be available until after trial.

appeal on just Ms. Quinn's claim, and then ruled that Coahuilan law does not apply to her claim, this would avoid having to hold a second trial to hear her claim. But this outcome is unlikely. Given the facts and the controlling caselaw, it is more likely that if the Court granted the Rule 54(b) motion, the Eighth Circuit would hold that the Court abused its discretion in granting the motion and dismiss the appeal for lack of jurisdiction. *See*, *e.g.*, *Taco John's of Huron, Inc. v. Bix Produce Co.*, 569 F.3d 401, 402 (8th Cir. 2009) (holding the district court's Rule 54(b) certification was improper even though resolution of the appealing party's claim could resolve the liability of all the remaining parties).

The fourth factor, the absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final, favors certification. But this factor does not carry great weight in the analysis. If it did, district courts would be inclined to grant Rule 54(b) motions in a vast number of cases.

The fifth factor—miscellaneous considerations, such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like— weighs against certification. An interlocutory appeal is not likely to result in a shorter trial or reduce the expense of a trial. But it is certain to result in a delay of many months, and this case is already thirty months old. Additionally, Movants could have made this motion back in October, yet waited until two weeks before trial to do so. Consequently, Movants have failed to distinguish this case from the routine case where some, but not all, of the claims are dismissed before trial.

On balance, the five factors indicate there is no danger of hardship or injustice through delay which would be alleviated by immediate appeal. The equities of the situation and the interest in preventing piecemeal appeals weigh against granting the motion. Because the Court cannot certify "that there is no just reason for delay," the motion is DENIED.

**II. Certification pursuant to 28 U.S.C. § 1292(b) is denied.**

28 U.S.C. § 1292(b) provides that a district court may certify a non-final order for interlocutory appeal if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." If the district court certifies such an order, then the court of appeals may, in its discretion, permit an interlocutory appeal to be taken. 28 U.S.C. § 1292(b).

Section 1292(b) establishes three requirements that must be met for certification by a district court: (1) the order must involve a controlling question of law; (2) there must be substantial ground for difference of opinion; and (3) certification must materially advance the ultimate termination of the litigation. *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008). The proponent "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id*. The Eighth Circuit has emphasized that permission to allow interlocutory appeals should "be granted sparingly and with discrimination." *Id*.

Before turning to these requirements, the Court holds as a threshold matter that it cannot grant the motion because 28 U.S.C. § 1292(b) applies to a non-final "order," and Movants have failed to identify any particular "order," or orders, from which they seek to appeal. It is unclear whether Movants are seeking to appeal just the choice-of-law determination made in the October 13 Order, or also appeal certain rulings in the February 18 and February 28 orders applying Coahuilan law to the specific facts and issues in this case. The closest thing to a prayer for relief in the text of the motion suggests Movants are seeking to appeal the October 13 Order only. Mot. at 5 ("Under these circumstances, Plaintiffs suggest that it would be both equitable, and supportive

of judicial economy, if this Court certified the choice-of-law-determination for interlocutory appeal so that the Eighth Circuit can determine whether Mexican law or Missouri law applies before the Court and the parties undertake the substantial time commitment and expense of trial."), Mot. at 15 ("For the reasons stated herein, Plaintiff requests that this Court issue its Order (1) certifying its choice-of-law determination for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) . . ."). But the motion also complains about specific rulings in the February 28 Order, such as the holding that to prevail on an "illicit acts" claim, Plaintiff must prove GM violated a specific standard prescribed by the government or in use by the automobile industry at the time the vehicle was designed. Mot. at 4. This suggests Movants seek interlocutory appeal of the Court's choice-of-law determination and specific application of it to this case determination.[4] As best the Court can tell, Movants may be seeking to appeal all, or parts of, the October 13 Order, the February 18 Order, and the February 28 Order.

Movants' failure to clearly identify which order or orders they seek to appeal from is more than a deficiency in brief writing, it is fatal, because the statute requires the Court to certify an "order" for immediate appellate review, not an issue. 28 U.S.C. § 1292(b). Failure to identify a particular order, or orders, for certification is also fatal for practical reasons: the Court does not know which of its orders to analyze for potential certification. A generalized analysis applicable to all of its orders is not possible; the certification analysis is different for every order. Hence, the Court must deny the motion for failure to identify a specific order from which Movants seek to appeal.

To aid in any appellate review, however, the Court will conduct a § 1292(b) certification analysis for the October 13 Order, the February 18 Order, and the February 28 Order.

---

[4] Movants may be seeking to argue that the Court erred in holding Coahuilan law governs this dispute, or, in the alternative, that the Court erred in determining what Coahuilan law is.

With respect to the first requirement, the Court holds each of the three orders involves a controlling question of law. The October 13 Order contains a holding that, pursuant to Missouri's choice-of-law rules, Coahuilan law should govern this dispute. This is a controlling question of law because Coahuilan law provides numerous affirmative defenses, such as contributory negligence ("inexcusable negligence" under Coahuilan law) which is a complete bar to recovery, whereas Missouri is a pure comparative negligence jurisdiction. The February 18 Order contains a controlling question of law because it holds Coahuilan law does not permit Ms. Quinn's claim for loss of consortium. Finally, the February 28 Order contains several controlling questions of law, such as holding Coahuilan law recognizes other affirmative defenses, such as fortuity, that are a complete bar to recovery, as well as a ruling that the standard for an "illicit acts" claim under Coahuilan is not, as Plaintiff suggests, the same reasonable person standard used under Missouri law.

With respect to the second requirement, the Court holds there is not substantial ground for difference of opinion in any of the three possible orders.

There is not substantial ground for difference of opinion concerning the October 13 Order holding Coahuilan law governs this dispute. The Court set out its reasoning in that Order and will not rehash it here, other than to add that the fact that Movants do not like the ruling and disagree with it does not mean there is "substantial" ground for difference of opinion.[5]

Similarly, there is not substantial grounds for difference of opinion concerning the Court's February 18 Order holding Coahuilan law does not recognize a loss of consortium claim. Movants

---

[5] The Court also notes, contrary to the assertion in Movants' brief, it considered choice of law on an issue-by issue basis; the Court did not discuss it in detail because the analysis did not change with respect to each issue. Order at 1 ("[T]he Court holds Coahuila law applies to *all* of Plaintiffs' claims.") (emphasis added); Order at 8 (summarily rejecting the argument that Missouri law should govern the failure to warn claim because the alleged failure to warn occurred in Missouri).

do not argue otherwise in their brief, nor could they. No credible expert on Mexican law opines that Coahuilan law recognizes such a claim for an "indirect" injury.

The analysis is different with respect to the February 28 Order, but the conclusion is the same. The Court is confident in most of the rulings in this Order because most are well-supported by caselaw and the credible experts on Mexican law. But the Court is admittedly less certain of a few of them. The Court's uncertainty stems not from a substantial difference of opinion among the authorities on Mexican law what the answer to certain questions are, but by the fact that the authorities agree that Mexican law provides no guidance on some of these questions. *See* Jorge A. Vargas, *Mexican Law and Personal Injury Cases: An Increasingly Prominent Area for U.S. Legal Practitioners and Judges*, 8 San Diego Int'l L. J. 475, 498 (2007) (observing that "the American side of tort law is full of numerous detailed rules and technical standards whereas Mexican extra-contractual liability [tort law] is entirely devoid of any rules or technical standards . . . U.S. tort law is alive, dynamic and vibrant, the Mexican side is skeletal, stale and stereotyped."); *see also* Jorge A. Vargas, *Moral Damages Under the Civil Law of Mexico, Are These Damages Equivalent to U.S. Punitive Damages?*, 35 U. Miami-Am. L. Rev. 183, 223-30 (2004) (canvasing the opinions of four Mexican law experts in exploring how Mexican law treats an award of money for moral damages because the existing law is in its infancy and has no clear answer). The situation facing the Court in making some of these rulings is analogous to one in which it rules in the absence of any precedent. But lack of precedent is not grounds for certifying an appeal under section 1292(b). *Union Cty.*, 525 F.3d at 646-47 (holding the lack of "opinions, statues or rules, and a dearth of cases does not constitute substantial ground for difference of opinion.") Similarly, the fact that there is a dearth of guidance on certain aspects of Coahuilan tort law is not a basis for an interlocutory appeal.

Finally, with respect to the third requirement, Movants have not demonstrated that certification materially advances the ultimate termination of the litigation. Since there is not substantial grounds for difference of opinion concerning the rulings in the October 13 Order and the February 18 Order, and—regarding the February 28 Order—the Eighth Circuit has held it will not hear an interlocutory appeal because of a lack of precedent, these Orders are unlikely to be sufficiently altered on appeal to materially advance the litigation. Consequently, certifying an interlocutory appeal would not materially advance the ultimate termination of the litigation. In fact, it would cause unnecessary delay.

In conclusion, even if the Court did not deny the motion for failure to identify a specific order from which Movants seek to appeal, it would deny it because the second and third requirements for certification pursuant to 28 U.S.C. § 1292(b) are not satisfied with respect to any of the three orders Movants may be seeking to appeal.

The motion is DENIED.

## III.    The motion to continue the trial setting is denied.

Movants' third motion seeks to modify the scheduling order and continue the trial setting. Movants urge the Court to continue the trial primarily so that it can rule on the above motions and then the Court of Appeals can have ample time to make its decision on these issues. Movants also suggest that a trial at this time,

> would only serve to waste both judicial and the parties' resources, as well as the time of the jury members. A trial of this nature is expensive and time-consuming for everyone . . .
>
> The most logical and efficient means of achieving justice in this case is to allow these issues to proceed straight to an appeal and try the case after that for all Plaintiffs. For this reason and those set forth in Plaintiffs' other motions filed on this date, they request a continuance of the trial setting until these matters can be resolved

by the appellate court, an option that only really became available procedurally when this Court issued its Orders on February 18 and 28, 2022.

Mot. at 2-3. Movants add that holding a trial will "necessarily" require more time now than the Court currently has allotted, because they anticipate they will make many objections to the evidence and arguments on the record to make a complete record for the Court of Appeals. *Id*. at 6. Finally, they note delaying the trial will provide additional time for the Court to rule on the remaining undecided outstanding motions and ample time for the parties to digest them before trial. *Id*. at 7.

Federal Rule of Civil Procedure 16(b)(4) allows amendments to the scheduling order "only for good cause and with the judge's consent." *See also* L.R. 16.3(b); *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn*, 464 F.3d at 822. The Court also considers whether the non-moving party will be prejudiced by the amendment. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2010).

The Court holds Movants have failed to carry their burden to establish good cause. The multiplicity of reasons Movants have offered are not, either by themselves or in combination, persuasive. Movants' primary argument is unavailing because the Court has ruled on the pending motions related to interlocutory appeals in this same order, thus additional time will not be needed to consider them.

The related argument that the Court should delay the trial so Movants can pursue these motions at the court of appeals does not constitute good cause. Movants could have pursued an interlocutory appeal months ago, after the Court initially ruled that Coahuilan law would govern this dispute. Although Movants did not know at that time how the Court would apply Coahuilan

law to every aspect of this case, the October 13 Order put Movants on notice that the choice-of-law ruling was a controlling question of law that was likely to be outcome determinative. In determining that there was an actual conflict of law, the Court noted that the State of Coahuila still recognizes the doctrine of contributory negligence while Missouri remains a comparative negligence state, thus "which forum's law applies is potentially *outcome determinative*." Order at 5 (emphasis added). Movant's decision to wait until two weeks before trial to pursue an interlocutory appeal is either a strategic choice or a lack of diligence. Whatever the reason, it is not good cause to amend the scheduling order and delay the trial.

The remaining arguments to postpone the trial are similarly unavailing. The Court assures Movants that this case can and will be tried in the eight-days the Court has specially set aside to hear it. As for rulings on the remaining undecided motions, these rulings will be issued in the near future, before the pretrial conference on March 9.

For the foregoing reasons, the motion to continue the trial setting is DENIED.

**IT IS SO ORDERED.**

Date:  March 7, 2022    /s/ Greg Kays
                        GREG KAYS, JUDGE
                        UNITED STATES DISTRICT COURT