IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and<br>JESSICA LEANNE QUINN,<br><br>        Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>        Defendant. | Case No.: 4:19-cv-00714-DGK |

## ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE GM's EXPERT NICHOLAS J. DURISEK, Ph.D., P.E.

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

Now before the Court is Plaintiff's Motion to Exclude GM's Expert Nicholas J. Durisek, Ph.D., P.E.. ECF No. 83. For the following reasons, the motion is DENIED.

Dr. Durisek is an expert in car accident reconstruction. In a nutshell, his opinion is that the accident was not caused by a tire blow out, as Plaintiffs contend. He opines,

> Mr. Rey caused the crash by being inattentive, driving at a high speed [90 miles per hour] in excess of the speed limit [which was 62 miles per hour], driving off the left side of the roadway, and not responding until after he was in the center median. Based on the number of quarter turns, Mr. Rey's crash was more severe than 99.8% of all rollover crashes. Although no evidence supports a pre-crash tire disablement, if a tire disablement did occur, the tires had adequate capacities for Mr. Rey to control his vehicle and maintain his travel lane, pull to the side of the road, and apply his brakes to stop.

Durisek Report at 16, ECF No. 83-2.

Plaintiff's motion, which was filed before the Court ruled Coahuilan law applies to this case, seeks to exclude Dr. Durisek's testimony in its entirety on the grounds that it is not relevant in an "enhanced injury" crashworthiness case. Plaintiffs also argue Dr. Durisek's testimony is unreliable because he relied on selected facts from the police report of the accident and Mr. Rey and his wife's deposition testimony; he failed to consider and rule out alternate causes of the accident; failed to personally visit the crash site; and he relied on images of the crash site taken a month after the crash.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," but "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (internal quotation omitted).

The Court holds Dr. Durisek's opinions are relevant on numerous issues, including the affirmative defense of contributory negligence, or what Coahuilan law calls "inexcusable fault." His opinions are not fundamentally unsupported. Plaintiffs' criticisms about their factual basis and his methodology go to the weight the jury should give his opinions, not their admissibility.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: March 8, 2022              /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT