# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

NICOLAS VALADEZ REY and )
JESSICA LEANNE QUINN, )
                               )
          Plaintiffs, )
                               )      Case No.: 4:19-cv-00714-DGK
v. )
                               )
GENERAL MOTORS LLC, )
                               )
          Defendant. )

## ORDER DENYING MOTION TO PARTIALLY EXCLUDE GM's EXPERT DEBORA MARTH

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

Now before the Court is Plaintiff's Motion to Partially Exclude GM's Expert Debora Marth, Ph.D. ECF No. 84. Dr. Marth is an expert in biomechanics and automotive safety who performed a biomechanical reconstruction of the crash in this case. She reaches the following conclusions in her report:

- Nicolas Rey was the restrained driver of the subject vehicle.

- The subject crash was extremely severe in terms of the number of quarter turns (19).

- Mr. Rey was on the trailing side of the rollover crash and was at the point of impact when his cervical spine injuries occurred.
    - His head was in contact with the left roof rail, which was stopped on the ground; his torso continued in its path of motion producing an axial compressive load on his cervical spine.

o   The axial compressive load was sufficient to cause his cervical spine to buckle, creating local segments of flexion and local segments of extension.

o   The axial load and local flexion were sufficient at the level of C6-C7 to produce fracture/subluxation, compromising his spinal cord.

o   There was little to no chin-to-chest motion when the injury occurred.

•   Mr. Rey's cervical spine injuries occurred at about the 2 ½ - 2 ¾ roll position.

•   Roof/pillar deformation did not cause or contribute to his cervical spine injuries.

•   Given the vehicle's motions, the injury would have occurred in the absence of roof deformation.

Marth Expert Report at 25, ECF No. 84-2.

Plaintiff moves to exclude all but the first of these opinions, primarily because Dr. Marth relied on the opinion of another GM expert, Dr. Nicholas Durisek, whose conclusions Plaintiff contends are unreliable.  Plaintiff also raises a variety of other complaints with her report: items Plaintiff believes Dr. Marth ignored, points she should have discussed further, and evidence that Plaintiff believes she should have interpreted differently.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993).  The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence.  *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

>   (a) the expert's scientific, technical or other specialized knowledge
>   will help the trier of fact to understand the evidence or to determine

a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," but "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (internal quotations omitted).

Plaintiff's primary argument—that Dr. Marth's opinions are unreliable because she relied on Dr. Durisek's opinion—is unavailing because, as the Court held in a companion order, Dr. Durisek's testimony is relevant and admissible. Plaintiff's other arguments are even less unpersuasive. After reviewing Dr. Marth's report, the Court sees no basis for excluding her opinions.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: March 8, 2022          /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT