**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| NICOLAS VALADEZ REY and | ) | |
| JESSICA LEANNE QUINN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 4:19-cv-00714-DGK |
| v. | ) | |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE GM's EXPERT
JEFFREY CROTEAU**

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

Now before the Court is Plaintiff's Motion to Exclude GM's Expert Jeffrey Croteau. ECF No. 85. Mr. Croteau is an expert in evaluating vehicle and occupant kinematics in rollovers, as well as the design and performance of vehicle structures involved in crashes. Defendant contends his testimony will help the jury understand issues relating to the design, testing, and performance of the Yukon's roof structure, along with kinematics of vehicles and occupants in rollovers, and other related matters.

He reaches the following conclusions concerning the accident:

1. The residual vehicle and roof deformation were a function of the multiple ground impacts during the rollover event.

2. The subject vehicle roof structure was not defectively designed and, given the nature of the impacts sustained, it performed reasonably and appropriately in the subject crash.

3. Roof strength testing on the Yukon XL (GMT 830 platform) demonstrated that it exceeded the requirements of the FMVSS 216 Roof Crush Resistance standard, which the vehicle was not required to meet.

4. GM used technology, proven construction methods, and manufacturing techniques to design and assemble the body structure of the Yukon XL.

5. There is no single standardized test, or combination thereof, conducted by any government agency or vehicle manufacturer that would evaluate body structure performance like the subject crash.

6. Demonstrative rollover testing including the JRS test of a Chevrolet Suburban demonstrates that injurious compressive neck loads can occur prior to significant roof displacement, disproving plaintiff's allegation that reducing roof crush alone prevents occupant injuries.

7. Increasing roof strength does not prevent injurious compressive neck loading in rollover when three factors exist simultaneously; head proximity to vehicle roof structure, torso and neck alignment, and a roof-to-ground impact.

8. The GMC Yukon XL provided an appropriate level of occupant protection in the event of a rollover accident.

9. The quasi-static nature of the FMVSS 216 roof crush standard is a suitable and repeatable test methodology to evaluate roof strength performance.

10. Rollovers are not benign events. The chaotic and complex physics involved in rollovers present challenges in occupant protection and prevention of all injuries.

11. The appropriate way to determine the causal factors associated with injury in rollovers is through an accident injury analysis that includes synthesis of an accident reconstruction, roof damage, and biomechanics analysis.

Croteau Report at 29-30, ECF No. 85-2.

Plaintiff moves to completely exclude Mr. Croteau's testimony, primarily because he relied on the opinions of two other GM experts, Dr. Nicholas Durisek and Dr. Debora Marth, whose conclusions Plaintiff contends are unreliable. Plaintiff also complains his report is not supported by reliable data and suffers from analytical gaps; it will be of no use or relevance to the jury; his conclusions are not tied to the facts of this case; and he overlooked key facts and did not consider alternative explanations.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid."

*Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," but "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (internal quotation omitted).

Plaintiff's primary argument is unavailing because, as the Court held in a companion order, Dr. Durisek and Dr. Marth's testimony is relevant and admissible. Plaintiff's other arguments do not have sufficient merit to form a basis for excluding his opinions.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: _March 8, 2022_        /s/ Greg Kays_____
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT