# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and<br>JESSICA LEANNE QUINN,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No.: 4:19-cv-00714-DGK<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE GM's EXPERT DAVID M. CADES, Ph.D.

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

Now before the Court is Plaintiff's Motion to Exclude GM's Expert David M. Cades, Ph.D. ECF No. 86. Dr. Cades is an expert in human factors. GM proffers his testimony to rebut Plaintiff's putative failure to warn claim and the opinions offered by Plaintiff's human factors expert, Dr. Lila Laux. Dr. Cades also opines about Mr. Rey's driving leading up to the accident at issue, concluding he was not an alert, attentive driver and that excessive speed likely contributed to the crash.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the

facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," but "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (internal quotation omitted).

Plaintiff's primary argument—that Dr. Cades' opinions are irrelevant because this is an enhanced injury case in which the focus is on the cause of the injuries, not the cause of the accident—is unavailing. Since Coahuilan law applies to this case and Coahuilan law recognizes contributory negligence, Dr. Cades' opinions are patently relevant. Plaintiff's remaining arguments goes to the weight the jury should give his opinions, not their admissibility.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: March 8, 2022            /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT