IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and JESSICA LEANNE QUINN, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | Case No.: 4:19-cv-00714-DGK |

## DENYING MOTION TO EXCLUDE GM's EXPERTS JENNIFER FINLEY, M.D., P.A., JOHN WARD, Ph.D., AND WILLIAM ROGERS, Ph.D.

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

Now before the Court is Plaintiff's Motion to Exclude GM's Experts Jennifer Finley, M.D., P.A., John O. Ward, and William H. Rogers. ECF No. 87. Defendant has designated Dr. Finley to opine on the life care plan ("LCP") prepared by Plaintiff's expert, Dr. Hector Miranda-Grajalas. Defendant has designated economists John Ward and William Rogers to opine on the costs associated with the LCP.

Plaintiff moves to completely exclude the proposed testimony of all three experts. He moves to exclude Dr. Finley's testimony on the grounds that she is not qualified to opine on a LCP; she used limited data to reach her conclusions about Mr. Rey's life expectancy; her criticisms of the LCP use an improper methodology; and the bases of her recommendations are not supported.

Plaintiff moves to exclude the two economists' testimony because they relied on her allegedly unreliable opinions.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," but "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (internal quotation omitted).

Plaintiff's arguments are unavailing. As a threshold matter, Dr Finley is qualified to offer expert testimony on these subjects. She is board certified in Physical Medicine and Rehabilitation

and she has practiced in that specialization for more than twenty-five years, and she has researched and written about medicine and physical rehabilitation. With respect to Plaintiff's substantive criticisms, to the degree they have any merit they do not rise to the level where the Court would exclude her testimony: they go to the weight her opinions should be given, not their admissibility. For example, Plaintiff's argument that she should be excluded because she disagrees with Dr. Miranda-Grajalas' spinal cord stimulator recommendation is almost a waste of time. A thorough review of the record leaves the Court firmly convinced there is a bona fide disagreement between the experts about this recommendation. This is an appropriate subject for cross-examination and closing argument, not a *Daubert* motion.

Finally, because Dr. Finley's testimony is relevant and admissible under FRE 702, Mr. Ward and Mr. Rogers' reliance on Dr. Finley's testimony in formulating their testimony is not basis for exclusion.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: March 8, 2022    /s/ Greg Kays
                       GREG KAYS, JUDGE
                       UNITED STATES DISTRICT COURT