# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and JESSICA LEANNE QUINN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 4:19-cv-00714-DGK ) ) |
| GENERAL MOTORS LLC, | ) ) |
| Defendant. | ) ) |

## ORDER DENYING PLAINTIFF'S MOTION TO PARTIALLY EXCLUDE THE TESTIMONY OF MICHAEL KLIMA

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

Now before the Court is Plaintiff's Motion to Partially Exclude GM's Expert Michael E. Klima. ECF No. 89. For the following reasons, the motion is DENIED.

Mr. Klima is an automotive restraints expert who has spent his career designing and evaluating restraint systems. GM offers his testimony to rebut the testimony of several of Plaintiff's experts who opine that the Yukon's seat belt restraining system was defectively designed for a rollover crash such as this one, and that the alternative designs championed by Plaintiff's experts would not have prevented Plaintiff's injuries in this accident.

Plaintiff moves to exclude Mr. Klima's first, second, fourth, sixth, and seventh conclusions in his expert report. In sum, Plaintiff contends these opinions are unreliable because Mr. Kilma

relied on the opinion of another GM expert, Dr. Nicholas Durisek, whose conclusions are unreliable; (2) Mr. Kilma ignored, failed to rule out, or failed to explain facts or circumstances contrary to his opinion; and (3) his opinions are the product of analytical gaps and speculation in his reasoning.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," but "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (internal quotation omitted).

Plaintiff's primary argument—that Mr. Kilma's opinions are unreliable because he relied on Dr. Durisek's opinion—is unavailing because in a companion order to this one, the Court has denied Plaintiff's motion to exclude Dr. Durisek's testimony, finding it relevant and admissible.

Plaintiff's other arguments are equally unpersuasive. After reviewing Mr. Kilma's painfully detailed expert report, the Court cannot say it is the product of analytical gaps or speculation. As for Plaintiff's complaints that he failed to rule out alternate explanations or consider facts inconsistent with his opinion, this grounds for cross-examination of his testimony, not exclusion of it.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: March 8, 2022              /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT