# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and <br> JESSICA LEANNE QUINN, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | Case No.: 4:19-cv-00714-DGK |

## ORDER PARTIALLY GRANTING GM'S MOTION TO PARTIALLY EXCLUDE THE EXPERT OPINION OF STEPHEN SYSON

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

Now before the Court is GM's Motion to Partially Exclude Expert Opinion Testimony of Stephen R. Syson. ECF No. 117. Mr. Syson has undisputed expertise in automotive design analysis engineering, the specialty of analyzing the design and performance of vehicles, including restraint systems. Plaintiff has offered him as an expert in motor vehicle restraint systems.

GM moves to exclude the following: (1) his opinions about survival space; (2) his testimony as to the "conscious decisions" of General Motors Corporation; (3) his alternative design testimony; and (4) his general observations about rollover accidents. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

When the admissibility of expert testimony is challenged, the district court must make "a preliminary determination of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The party seeking to introduce the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Under Federal Rule of Evidence ("FRE") 702, a witness may give an expert opinion if:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In other words, the proponent must show that the expert's opinions are relevant, the expert is qualified to offer them, and "the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Doubts should be resolved in favor of admissibility. *Marmo*, 457 F.3d at 758.

The Eighth Circuit has repeatedly observed that, as a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility," but "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952 (8th Cir. 2014) (internal quotations omitted).

Applying the law to this case, the motion is denied with respect to Mr. Syson's opinions about survival space.[1] Defendant argues he did not sufficiently test his opinions about the survival

---

[1] The Court is unclear as to exactly which opinions or statements Defendant seeks to exclude.

space of the Yukon and also relied on inadequate data. While there are arguably deficiencies here, they are not so great that the Court can say this opinion is so fundamentally unsupported that it should be excluded. These alleged deficiencies go to the credibility of Mr. Syson's testimony, not its admissibility.

Defendant's motion concerning Mr. Syson's proposed testimony about "conscious decisions" General Motors Corporation purportedly made not to test the entire vehicle to ensure that it provided reasonable protection in the event of a foreseeable rollover, are granted. As a threshold matter, because Coahuilan law—not Missouri law—applies to this case, what is "reasonable" is not at issue.

As to Mr. Syson's testimony about proposed alternate design testimony, the Court fails to see how it is relevant to the issues in this case. The Court does not see how the existence, or nonexistence, of safer alternative design is relevant to the "illicit acts" claim in this case. This portion of the motion is denied without prejudice.

Finally, some of Mr. Syson's opinions about rollover accidents are not admissible under Rule 702. Given that he has not conducted specific testing of the proposed alternative safety technologies in an analogous crash scenario, and he is not a biomechanic and is not offering biomechanical opinions, Mr. Syson is not qualified to testify that "there is no question in my mind that Mr. Rey would have survived this crash without serious injury had one or more of these technologies been incorporated to address the three prongs of the occupant protections system." Indeed, Plaintiff does not contest this point. This testimony fails the *ipse dixit* test. *Gen.. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (holding that trial court may properly exclude ipse dixit opinions); *Flagstone Dev., Ltd. Liab. Co. v. Joyner*, No. CV-08-100-BLG-RFC, 2011 U.S. Dist. LEXIS 122643, at *8 (D. Mont. Oct. 24, 2011) ("It is well-settled that an expert's testimony should

be excluded where it is based on subjective belief or unsupported speculation which amounts to no more than a bald conclusion (sometimes called an 'ipse dixit' opinion) or guesswork."). Some of Mr. Syson's other observations, such as that SUVs are more likely than passenger cars to roll over, are within his general knowledge as an expert in automotive design analysis engineering. To the degree Mr. Syson cites specific statistics about rollover accidents—such as, "[a]lthough rollovers only account for less than three percent of vehicle accidents, they account for one-third of the total HARM [cost to society]"—and ndid not cite the source for these statistics in either his expert report or during his deposition, such opinions are excluded.

**IT IS SO ORDERED.**

Date: March 8, 2022                     /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT