IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICOLAS VALADEZ REY and <br> JESSICA LEANNE QUINN, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | Case No.: 4:19-cv-00714-DGK |

## ORDER RULING ON MOTIONS *IN LIMINE*

This lawsuit stems from a single-car accident that occurred on August 31, 2019, in Parras de la Fuente, Coahuila, Mexico. In the accident, a 2006 GMC Yukon XL driven by Plaintiff Nicolas Rey left the road and rolled over, collapsing the vehicle's roof, and leaving Mr. Rey paralyzed. Plaintiff alleges Defendant General Motors LLC ("GM") is responsible for his injuries because of a defectively designed roof. GM denies the allegations.

Now before the Court are the parties' cross-motions in limine: GM's Motion *In Limine* No. 1 to Exclude Other Incidents and Related Incidents, GM's Consolidated Motion *In Limine* Nos. 2-6, and Plaintiff's Omnibus Motion *In Limine*. ECF Nos. 136-138 respectively.[1] For the following reasons, the motions are GRANTED, GRANTED IN PART, and GRANTED IN PART respectively.

The parties should note that, as discussed below, the Court intends to bifurcate this trial to avoid any Rule 403(b) problems with respect to presenting evidence of GM's net profit and net worth in conjunction with Plaintiff's moral damages claim.

---

[1] The Court notes these motions were filed before the Court issued its choice-of-law ruling applying Coahuilan law to this case, which explains why some of the requests are squarely at odds with Coahuilan law.

## GM's Motions *In Limine*

**1.     Reference to other incidents involving GM vehicles is excluded.**

In its first motion, GM moves to "exclude evidence of, reference to, or argument concerning other incidents" involving roofs in other GM vehicles. Mot at 1. In his response, Plaintiff identifies two specific cases he would like to discuss at trial, *New, et al. v. Harris, et al.*,[2] and *Pertile v. General Motors, LLC*.[3]

GM argues that Plaintiff's timing of his intent to use such evidence—he disclosed it in his First Supplemental Disclosure filed the day before discovery closed—runs afoul of the revised scheduling order. With respect to the motion's merits, GM argues Plaintiff has not proven that these cases are substantially similar to the incident here, and that Plaintiff's experts cannot provide the necessary evidentiary foundation for their admission. Finally, GM argues that even if such evidence were relevant, it should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time at trial.

Plaintiff responds that both cases involve substantially similar defects and injuries because both involved Yukon XLs in rollover accidents resulting in roof crushes which paralyzed the occupants. Plaintiff also contends he gave GM sufficient notice of his intent to use these cases because they were included in deposition notices to GM's corporate representative, and they are both referenced in Mr. Syson's expert report. Finally, Plaintiff argues the Court should, at most, take the motion under advisement, because it is conceivable evidence from these incidents could be relevant for other purposes, such as impeachment.

---

[2] Filed in the Fourth Circuit Court of Duval County, Florida, Case No. 16-2015001475-XXXX-MA. Although GM's name does not appear in the abbreviated caption, Plaintiff states GM was a defendant in the case.

[3] United States District Court for the District of Colorado, Case No. 1:15-cv-00518-NYW.

Assuming for the sake of argument Plaintiff timely disclosed this evidence, the motion is GRANTED on the merits because Plaintiff has not demonstrated the accidents in these cases are substantially similar to the accident in this case. The question is not whether the plaintiffs in these other cases suffered similar injuries, the question is whether the *accidents* in these other cases were sufficiently similar to be of any probative value to this one. Obviously, if these other cases involved much more severe crashes, say, the Yukons at issue were going much faster when they began to roll, or rolled down a long, steep embankment, the biomechanical forces involved in the accidents would likely not be analogous. There is no evidence in the record that these accidents are analogous, and it appears GM attempted to question Plaintiff's experts about the similarity of this case to these other cases, and the experts declined to discuss them, so this evidence will be excluded. Even if the other cases were analogous, however, the Court would likely exclude them under Rule 403 because of the danger of unfair prejudice and confusion of the issues, particularly since this case is being tried under Coahuilan law.

If during trial Plaintiff believes there is some development which makes these cases relevant and admissible and Plaintiff would like to reference them in some way, he will broach it with the Court out of the jury's presence first.

**2. Reference to other lawsuits, claims, verdicts, settlements, product recalls, or other alleged "corporate misconduct" as to GM is prohibited.**

Plaintiff's argument that the Court should withhold ruling on this because "it is impossible to imagine at this juncture the various ways in which such evidence could be admissible," is unavailing. Resp. at 7, ECF No. 146. Pursuant to Rule 403, this portion of the motion is GRANTED.

If during trial Plaintiff believes there has been some development where this information has become relevant and would like to reference it in some way, he will broach it with the Court out of the jury's presence first.

**3. References to GM's profits, revenue, and related topics, such as GM's net profit and net worth, is permitted in conjunction with a moral damages claim, admissible in the second part of a bifurcated trial. The Court reserves ruling on whether references to GM's profit motive or related topics will be permitted.**

Pursuant to the Court's February 28 Order applying Coahuilan law to the specific facts of this case, "evidence of GM's net profits in recent years and net worth is relevant" because in assessing moral damages, "Coahuilan law considers 'the economic situation of the liable party and the victim.'" Order on Coahuilan Law Applicable to this Case at 6, ECF No. 243 (quoting CCC, Art. 1895 ¶ 5). Because evidence of GM's net worth is not relevant to the "illicit act" claim and presents Rule 403 problems if presented at the same time as evidence relevant to the "illicit act" claim, the Court intends to bifurcate the trial into an "illicit act" phase and, if necessary, a moral damages phase.

This portion of the motion is DENIED IN PART and GRANTED IN PART.

**4. "Golden rule" or "reptile theory" arguments or statements are prohibited.**

The Court rejects Plaintiff's argument that, in order "to do their job, the jury may very well have to put themselves in Plaintiffs' position." Resp. at 12. This is particularly true since Coahuilan law applies to this dispute.

Pursuant to Rule 403, this portion of the motion is GRANTED.

**5. No party will make any reference to Plaintiff's supposed motive for bring this lawsuit.**

The Court has read Plaintiff's suggestion in opposition. It was not helpful.

Pursuant to Rule 403, this portion of the motion is GRANTED.

4

Case 4:19-cv-00714-DGK   Document 266   Filed 03/11/22   Page 4 of 15

**6. References to GM's counsel, company witnesses, or other representatives as "hired guns," "litigation specialists," or other pejorative labels relating to the size or specialization of the law firm, is prohibited.**

The Court has read Plaintiff's suggestion in opposition. Notwithstanding Plaintiff's suggestion that the Court should deny this request, this portion of the motion is GRANTED pursuant to Rule 403.

## Plaintiff's Motions *In Limine*

### Preliminary Instructions

**1. The "Preliminary Instructions" request is denied.**

The Court is unsure if this is a request, and if so, what exactly Plaintiff is requesting. This portion of the motion is DENIED WITHOUT PREJUDICE.

### Substantive Instructions

**1. Plaintiff's request to exclude evidence relating to the cause of the accident is denied.**

Plaintiff moves to exclude evidence relating to the cause of the accident on the grounds that any alleged negligence on his part in causing the accident is irrelevant. Given that Coahuilan law applies to this case, and it recognizes the doctrine of contributory negligence ("inexcusable fault"), this portion of the motion is DENIED.

**2. Evidence of possible third-party fault is excluded.**

Defendant has indicated it will not present any evidence of third-party fault, so there is no dispute on this point. This portion of the motion is GRANTED.

**3. Both parties are precluded from mentioning Mr. Rey's insurance status.**

Plaintiff moves to preclude GM from mention anything about Mr. Rey's insurance status. GM does not oppose this request. The Court GRANTS this motion but precludes *both* parties from mentioning or referencing Mr. Rey's insurance status.

**4.      References to collateral sources for payment of Plaintiff's medical bills is excluded.**

Plaintiff states he has not received any financial aid for payment of his medical bills from any source, and he has not been able to pay any of his medical bills in the United States. He states for his bills in Mexico, he paid 100% of what was billed from one hospital, and the remaining bills remain unpaid.

Defendant has no objection to this request, subject to the caveat it is entitled to an offset if it turns out Plaintiff paid amounts less than the amount billed.

This portion of the motion is GRANTED, subject to that caveat.

**5.      References to Mr. Rey's immigration status are prohibited.**

Plaintiff moves to exclude any reference to Plaintiff's immigration status. Before the Court ruled Coahuilan law applies to this dispute, Defendant opposed the motion, noting his immigration status was relevant to the issue of Mr. Rey's loss of future wages.

Any relevance Mr. Rey's immigration status was eliminated when the Court ruled Coahuilan law applies to this case, because under Coahuilan law Plaintiff's compensation for lost wages is determined by a statutorily mandated formula. Order on Coahuilan Law Applicable to this Case at 4.

Consequently, this portion of the motion is GRANTED.

**6.      All references to rulings excluding or limiting an expert's opinions are prohibited.**

Plaintiff moves to exclude any references or mention of the Court's *Daubert* rulings or restrictions the Court has placed on any expert's testimony. Plaintiff also moves that neither party be allowed to mention *Daubert* rulings or restrictions on any expert's testimony made by another court in a different case.

Defendant agrees with the first part of the request, but argues other rulings made by other courts excluding or limiting an expert's opinions should be admissible on cross-examination.

Defendant's argument is unavailing. Even when other cases involve similar issues, they involve different facts. Any probative value of a judge's ruling excluding or limiting an expert's witness in another case is outweighed by the danger of unfair prejudice and confusion of the issues.

This portion of the motion is GRANTED.

**7.     Plaintiff's request to exclude compliance with industry standards or federal regulations is denied.**

Plaintiff contends the Court should prohibit any evidence or argument that the Yukon at issue met or exceeded all applicable government standards. Because an "illicit act" claim brought pursuant to Coahuilan law expressly considers whether a defendant's actions were "contrary to applicable law or good custom," Order on Coahuilan Law Applicable to this Case at 3, ECF No. 243, this request is DENIED.

**8.     Plaintiff's request to exclude the police report is taken under advisement.**

Plaintiff also moves to exclude the police report[4] of the accident made by the local Mexican police. In the report, an officer opines about what caused the accident. Plaintiff argues the report contains many hearsay statements, and that it has not been shown that the officer rendering the opinion about what caused the accident has the requisite expertise to render such an opinion.

Defendant does not dispute the above, but argues the motion is premature, noting both multiple experts relied on the report in forming their opinions. Defendant contends that, depending on the context and the developments at trial, some portion of the report may be admissible.

---

[4] The motion does not specifically state that Plaintiff is moving to exclude the police report, but that appears to be what Plaintiff would like the Court to do.

7

Case 4:19-cv-00714-DGK   Document 266   Filed 03/11/22   Page 7 of 15

Since it is conceivable some small part of the report may be admissible, and it seems likely that mere reference to the report is permissible—for example, an expert may presumably testify that among the materials he or she reviewed in formulating his or her opinion was a police report of the accident—the motion is TAKEN UNDER ADVISEMENT.

No party shall refer to the report in front of the jury without first raising the issue with the Court out of the jury' presence.

**9.      Plaintiff's request concerning "New GM" vs. "Old GM" is taken under advisement.**

The Defendant in this case, General Motors LLC, purchased out of bankruptcy certain assets and liabilities of the company that designed the Yukon at issue in this case.  Defendant sometimes refers to itself as "New GM" and the former entity which went through bankruptcy as "Old GM."  Plaintiff argues the "history of GM's bankruptcy, emergence therefrom, and details of the Sale Order and Agreement are not relevant to this case and would certainly confuse or mislead the jury into thinking that somehow the wrong entity had been sued and the one before them is not legally responsible" for Plaintiff's injuries.  Omnibus Mot. *In Limine* at 9.  Plaintiff suggests Defendant should be precluded from referring to its predecessor or making distinctions between "New GM" and "Old GM," and that the Court should require it refer to itself simply as GM.

Defendant agrees that there is no issue here that needs to be litigated, but argues the Court should not "impose on this trial a legal fiction about GM LLC's very existence."  Resp. at 9, ECF No. 147.

It is unclear to the Court what exactly is at stake here.  Is it Plaintiff does not want Defendant to be able to explain in its opening statement how it was not in existence at the time the

car was designed? It is unclear to the Court what practical effect any ruling on this issue might have at trial. Accordingly, the Court takes this request UNDER ADVISEMENT.

The parties should revisit this issue with the Court the morning of trial before the voir dire panel is summoned.

10. **Plaintiff's request to exclude Dr. Durisek from using Google images of the scene taken the month after the accident is denied.**

Plaintiff moves to preclude GM from showing to the jury Google satellite images taken within the month after the crash that Defendant's expert in accident reconstruction, Dr. Durisek, used in creating his report and formulating his opinion. Plaintiff contends there is no way to establish that the images depict what Dr. Durisek says they do in terms of where the rollovers occurred, that vegetation is missing from the images that was there at the time of the accident, and that alleged disturbances in the berm in the median of the four-lane highway are from the accident involving this vehicle.

Assuming Defendant can lay the requisite evidentiary foundation for admission of these images, Plaintiff's concern goes to the weight these images should be given, not their admissibility. This portion of the motion is DENIED.

11. **The motion is denied with respect to "crash-related evidence."**

Plaintiff also moves to preclude any reference to "crash-related evidence"—dark tempered glass, clear tempered glass, automotive side mirrors, pieces of amber and clear lens and pieces of interior and exterior automotive trim—which Dr. Durisek contends were found at the accident scene and likely belonged to the Yukon. Plaintiff contends presentation of this evidence to the jury, or even reference to it, would be unfairly prejudicial to Plaintiff and result in the litigation of collateral matters, such as how the authenticity of each piece of evidence would be established.

9

Case 4:19-cv-00714-DGK   Document 266   Filed 03/11/22   Page 9 of 15

Defendant responds that this crash-scene debris is directly relevant to Dr. Durisek's opinions regarding the crash; his report explains in detail how he collected and analyzed this evidence; and Plaintiff's are free to cross-examine Dr. Durisek on his analysis of the physical evidence observed at the scene and the weight he gave it.

Assuming Defendant can establish the requisite evidentiary foundation for this evidence, Plaintiff's concerns go to the weight it should be given, not its admissibility. This portion of the motion is DENIED.

**12.     The motion is denied with respect to "CRIS/Malibu studies."**

As best the Court can tell from the motion, Plaintiff moves to exclude any reference to unidentified "Malibu studies and some studies entitled CRIS," studies which apparently involve a Malibu sedan from the 1990s. Plaintiff argues the roof of that vehicle is not substantially similar to the Yukon's roof in this case.

Defendant responds that the CRIS/Malibu studies Plaintiff is presumably referring to are the ones that Dr. Marth discussed at length in her report. Defendant contends these studies are foundational and widely recognized in the field of automotive crash safety and design, and they demonstrate how occupants move in rollovers. Defendant asserts they show no significant differences in neck loads and head accelerations in passengers in vehicles equipped with stronger roofs than those without. Defendant argues these studies are not intended to replicate what happened in the subject crash, rather, they are meant to show generally how occupants move and forces act on occupants in rollover accidents. Defendant also notes tests and experiments used to demonstrate scientific principles, such as general scientific principles of occupant kinematics in rollover accidents, are admissible. *See Champeau v. Fruehauf Corp.*, 814 F.2d 1271, 1278 (8th Cir. 1987) (admitting videotaped experiment into evidence where "[t]he purpose of the experiment

was not to recreate the accident, but to take [the plaintiff's] distance and speed estimates and show that under the applicable laws of physics, the accident could not have occurred as [the plaintiff] had described").

Because the Eighth Circuit has held that, where the experimental tests do not purport to recreate the accident, but instead are used to demonstrate only general scientific principles, there is no requirement the tests be substantially similar, this portion of the motion is DENIED. *See McKnight by & Through Ludwig v. Johnson Controls*, 36 F.3d 1396, 1401 (8th Cir. 1994).

**13.     Plaintiff's motion to exclude the CDR data, and reference to it, is denied.**

Plaintiff also moves to exclude evidence from the Yukon's "black box" or Crash Data Retrieval ("CDR") device. Plaintiff argues it cannot be established with certainty that this recording is a recording concerning the accident; that is, GM cannot establish the data's authenticity.

This portion of the motion is meritless.

Courts consistently hold CDR downloads and data are admissible and accepted as reliable in the automotive and accident reconstruction community. *See, e.g.*, *Commonwealth v. Zimmermann*, 873 N.E.2d 1215, 1218 (Mass. App. Ct. 2007). In this case, the CDR report was downloaded from the Yukon, and both parties and their experts looked at it. The data is obviously not good for Plaintiff, since it suggests he was driving 90 miles per hour moments before his car left the roadway. Of course, Plaintiffs' accident reconstructionist, Mariusz Ziejewski, Ph.D., opines that it "is uncertain whether or not the CDR recording is for the subject event," despite the fact that the EDR recorded the precise date and time the data was collected. Ziejewski Report at 15, ECF No. 83-4. At best, this makes the accuracy of the EDR data, and the weight that each

expert gives it, a matter for cross-examination, not exclusion. This portion of the motion is DENIED.

**14-15. References to settlement negotiations and any absences from trial by Mr. Rey or Ms. Quinn's are prohibited.**

The parties agree references to settlement negotiations and any references to any absences from trial by either Mr. Rey or Ms. Quinn should be excluded. This portion of the motion is GRANTED.

**16.   Legal conclusions by witnesses are prohibited.**

Plaintiff moves to exclude any legal conclusion or legal opinions by any witness not qualified as a legal expert, including any corporate representative by GM. GM opposes the request, arguing it is premature.

This portion of the motion is GRANTED.

**17.   Lay witness opinions as to causation are prohibited.**

Plaintiff moves to preclude any opinion testimony from lay witnesses regarding vehicle speeds, accident reconstruction, force of impact, or cause of injuries or the accident. This includes any employees of GM, or GM's corporate representative.

Defendant opposes the motion, arguing it is premature.

Given the facts in this case, the Court does not see how lay witness opinion on these topics is likely to come up, or if it did, how it would be admissible.

This portion of the motion is GRANTED. If during trial either party believes such evidence is admissible, it shall raise this issue with the Court out of the jury's presence before eliciting such evidence or testimony.

**18.   Reference or inference to "deep pockets" or "getting rich" is prohibited.**

The parties agree on this portion of the motion, so it is GRANTED.

**19.  Reference to law firm size and characterization of attorneys is prohibited.**

The parties agree on this portion of the motion, so it is GRANTED.

**20.  References concerning the effect of a favorable verdict for Plaintiff is prohibited.**

Plaintiff moves to exclude any evidence or mention that a verdict favorable to Plaintiff would have an adverse or untoward effect on the economy, GM employees, insurance rates, the cost of goods, etc.

Defendant opposes the request, arguing it is premature and the scope of the request is unclear.

This portion of the motion is GRANTED.  If Defendant is unsure whether eliciting some evidence or making some argument would run afoul of the Court's ruling, it should raise this issue with the Court out of the jury's presence first.

**21.  Plaintiff's request concerning GM's corporate representative's testimony is denied.**

Plaintiff argues GM's corporate representative should not be allowed to change, modify, or take positions inconsistent with her deposition testimony.

Defendant opposes this request, noting the Eighth Circuit has rejected this argument.  *See R & B Appliance Parts, Inc. v Amana Co.*, 258 F.3d 783, 786-87 (8th Cir. 2001) ("Although Amana is certainly bound by [its 30(b)(6) designee's] testimony, it is no more bound than any witness is by his or her prior deposition testimony. A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition.").

This request is DENIED.

**22. References to whether any recovery would be subject to taxes is prohibited.**

Defendant's argument that the Court will instruct the jury on what they may consider in rendering any damages award is unavailing. Given that such argument is possibly relevant only to the amount of damages awarded on a lost wages claim, and Coahuilan law sets Plaintiff's recovery for lost wages at a fixed amount, such argument is inadmissible.

This request is GRANTED.

**23. Plaintiff's request to preclude GM from introducing any evidence which Plaintiff sought in discovery, but GM did not provide, is denied without prejudice.**

Plaintiff moves to preclude GM from introducing any evidence which Plaintiff sought in discovery, but GM did not provide.

Defendant objects to the motion because it is a sweeping, unspecified request, and because the Federal Rules of Civil Procedure govern how discovery violations should be handled.

The Court holds the parties conduct in discovery is governed by the Rules of Civil Procedure, such as Rules 26(e) and 37(c)(1). Hence, any alleged violations—by either party—will be handled pursuant to those rules. That said, any such evidence is likely to be excluded.

**24. Jury nullification arguments are prohibited.**

The parties agree on this portion of the motion, so it is GRANTED.

**25. Plaintiff's request to limit GM's experts' testimony to that given in their expert reports is denied without prejudice.**

Plaintiff moves to preclude GM's experts from testifying beyond the parameters of their reports as set forth in the Court's December 9, 2019, trial order. This is a generic request; Plaintiff does not move for exclusion of any particular opinion or testimony.

Defendant opposes the motion, partially because it views it as unnecessary: it notes Rule 26(a)(2) and Federal Rule of Evidence 702 set out the scope of an expert's testimony. Defendant

14

argues any objections to the scope of an expert's testimony can be raised at trial. Defendant's larger concern seems to be ensuring that Plaintiff—who elected not to depose any of GM's experts—not be allowed to use his decision as a weapon to unfairly limit the scope of GM's experts' testimony. Defendant notes, "[t]he purpose of these reports is not to replicate every word that the expert might say on the stand." *Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009).[5]

This portion of the motion is DENIED WITHOUT PREJUDICE. This objection should be raised in the context of specific testimony at trial.

**IT IS SO ORDERED.**

Date: March 11, 2022                     /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT

---

[5] The Seventh Circuit goes on to explain, "It is instead to convey the substance of the expert's opinion (along with the other background information required by Rule 26(a)(2)(B)) so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary. *Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009).